UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| SUZANNE RYAN-BEEDY, an individual,<br><br>   Plaintiff,<br><br>  v.<br><br>THE BANK OF NEW YORK MELLON fka THE BANK OF NEW YORK AS TRUSTEE FOR THE BENEFIT OF THE CERTIFICATE HOLDERS OF THE CWALT, INC., ALTERNATIVE LOAN TRUST 2004-25CB, MORTGAGE PASSTHROUGH CERTIFICATES, SERIES 2004-25CB; DITECH FINANCIAL, LLC, and DOES 1-50, inclusive,<br><br>   Defendants. | No. 2:17-cv-01999 WBS EFB<br><br>ORDER RE: MOTION TO STAY |

----oo0oo----

Plaintiff Suzanne Ryan-Beedy filed this action against defendants Ditech Financial, LLC ("Ditech") and the Bank of New York Mellon fka The Bank of New York as Trustee for the Benefit of the Certificate Holders of the CWALT, Inc. ("BONY" or "Bank of New York Mellon") for damages and equitable relief arising out of

1

defendants' alleged acts or omissions concerning residential mortgage loan modification transactions and the foreclosure of plaintiff's property. Presently before the court is a Motion to Stay the Action by defendant BONY. (Docket No. 47.)

I.  Factual and Procedural Background

In September 2004, plaintiff refinanced her property in Tahoma, CA (the "subject property") with a $295,000 loan from American Mortgage Network, Inc. (First Amended Compl. ("FAC") ¶ 14 (Docket No. 16).) This loan was secured by a Deed of Trust on the property, which was assigned to the Bank of New York Mellon at all times relevant to the allegations in the complaint. (Id. ¶ 3.)

In November 2015, plaintiff filed for Chapter 13 bankruptcy protection. (FAC ¶ 16.) Plaintiff alleges that in August 2016, her husband contacted a company he thought was the Bank of New York Mellon, but in reality he spoke with a representative from Residential Credit Solutions, plaintiff's mortgage servicer. (Id. ¶ 17.) Unbeknownst to plaintiff, the Bank of New York Mellon had hired Residential Credit Solutions ("RCS") to service the subject loan. (Id.) The Residential Credit Solutions representative allegedly told plaintiff's husband that due to accounting errors in the loan, plaintiff owed less than had been represented to her and was in fact "nearly caught up" on the loan. (Id.) The representative further explained that if plaintiff stopped making her Chapter 13 payments and began making payments on the loan directly, Bank of New York Mellon would correct the accounting errors, modify the loan, and the loan would be brought current. (Id.) The agent

also allegedly told plaintiff's husband that plaintiff should not begin making payments until she received the modification documents. (Id. ¶ 18.)

On August 11, 2016, relying on these representations from the Residential Credit Solutions agent, plaintiff ceased making Chapter 13 payments; her bankruptcy was subsequently dismissed. (Id. ¶ 20.) However, she was unable to get anyone from Bank of New York Mellon or Residential Credit Solutions to help her obtain a loan modification. (Id. ¶ 21.)

At some point before June 13, 2017, plaintiff's loan servicer changed to Ditech. (Id. ¶ 24.) Ditech caused a Notice of Trustee's Sale to be recorded, with a sale date noticed for July 7, 2017. (Id. ¶ 23.) Despite plaintiff's various efforts to prevent the foreclosure (id. ¶¶ 24-34,) the foreclosure sale occurred on July 7, 2017, and the subject property reverted to Ditech via a credit bid. (Id. ¶ 35.)

Following the foreclosure, plaintiff spoke with a Ditech representative named "Sean" and explained to him that she and her husband had spoken to at least seven Ditech agents who had ensured them that if plaintiff submitted a complete modification packet before the sale date, the sale would definitely be postponed. (Id. ¶ 36.) "Sean" explained that those agents had not been telling the truth, that the sale was never going to be postponed, and that Ditech often rejected modification applications. (Id.)

Plaintiff filed this action on December 8, 2017, alleging: (1) Intentional Misrepresentation/False Promise; (2) Negligent Misrepresentation; (3) Promissory Estoppel; (4)

Negligence; (5) Wrongful Foreclosure; (6) Intentional Infliction of Emotional Distress; and (7) Violation of Business and Professions Code § 17200.  In December 2017, Defendant BONY moved to dismiss the complaint (Docket No. 22) and that request was granted with respect to plaintiff's negligence claim and denied with respect to all other claims.

On February 22, 2019, defendant Ditech filed a Notice of Filing Bankruptcy.  (Docket No. 43.)  Pursuant to 11 U.S.C. § 362(a), this action was automatically stayed with respect to defendant Ditech.  Defendant BONY now requests that the court stay the action because, (1) there are "unusual circumstances" justifying an expansion of the automatic stay pursuant to 11 U.S.C. § 362(a); and (2) the use of the court's inherent authority to stay the action is appropriate in this case.

II. Discussion

    A. Automatic Stay

"The automatic stay of 11 U.S.C. § 362(a)(1) prevents the 'commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement' of the bankruptcy case." Dean v. Trans World Airlines, Inc., 72 F.3d 754, 755 (9th Cir. 1995).  "By halting all collection efforts, the stay affords the debtor time to propose a reorganization plan, or simply 'to be relieved of the financial pressures that drove him into bankruptcy.'" In re Gruntz, 202 F.3d 1074, 1081 (9th Cir. 2000) (quoting Benedor Corp. v. Conejo Enters., Inc., 96 F.3d 346, 351 (9th Cir. 1996)).  "[A] district court has jurisdiction to decide whether the automatic stay

applies to a proceeding pending before it . . . " <u>Lockyer v. Mirant Corp.</u>, 398 F.3d 1098, 1107 (9th Cir. 2005).

"In the absence of special circumstances, stays pursuant to section 362(a) are limited to debtors and do not include [claims against] non-bankrupt co-defendants." <u>Ingersoll-Rand Fin. Corp. v. Miller Mining Co.</u>, 817 F.2d 1424, 1427 (9th Cir.1987) (citing <u>Teachers Ins. & Annuity Ass'n of Am. v. Butler</u>, 803 F.2d 61, 65 (2d Cir. 1986)). However, when there are "unusual circumstances" present such that "there is such identity between the debtor and the third-party defendant . . . that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor," a broader stay of claims may be required. <u>A.H. Robins Co., Inc. v. Piccinin</u>, 788 F.2d 994, 999 (4th Cir. 1986).

The Ninth Circuit has not specifically identified what situations raise "special" or "unusual circumstances" that necessitate a broader stay of claims pursuant to § 362(a). <u>See In re Excel Innovations, Inc.</u>, 502 F.3d 1086, 1098 (9th Cir. 2007) (noting ambiguity in the case law regarding the viability of the "unusual circumstances" exception, but declining to reach the question). Nevertheless, the case law in this circuit establishes that, following an automatic stay, a court may not rule on issues that require the court to consider the possible liability of the debtor in the underlying case. See <u>Dean</u>, 72 F.3d at 756 (holding that "thinking about the issues" involved in an action against a bankrupt defendant violates the automatic stay.)

Defendant BONY argues that because plaintiff's claims

5

against it are based on its vicarious liability for the acts and omissions of its agent Ditech, there are "special circumstances" necessitating an automatic stay pursuant to § 362(a). The court cannot adjudicate BONY's liability, defendant BONY argues, without improperly adjudicating Ditech's. This argument is sound with respect to some, but not all, of plaintiff's claims.

Plaintiff's fourth, fifth, sixth, eighth, ninth, and tenth claims[1] against BONY concern defendant Ditech's acts and omissions. BONY's liability with respect to these claims is predicated on Ditech's; there is no way for the court to determine whether BONY is liable to plaintiff on these claims without "thinking about the issues" undergirding plaintiff's claim against bankrupt defendant Ditech. See Dean, 72 F.3d at 756. Moreover, with respect to these claims, BONY would be entitled to an indemnity or reimbursement from Ditech for any judgment. (Def. BONY's Mot. for Order Staying the Action ("Mot. to Stay") at 7 (Docket No. 47).) Though "a statutory right to bring an action for indemnification is not sufficient to justify extension of the automatic stay [to a non-debtor codefendant,]" CresCom Bank v. Terry, 499 B.R. 494, 497 (D.S.C. 2013), in the instant case--at least with respect to claims four, five, six, eight, nine, and ten--"there is such identity between [Ditech] and [BONY] . . . that a judgment against the [BONY] will in effect be a judgment or finding against [Ditech]." See Piccinin, 788 F.2d at 999. Accordingly, these claims are automatically stayed under 11 U.S.C. § 362(a).

---

[1] Plaintiff's seventh claim of negligence was dismissed. (See Docket No. 31.)

6

Unlike plaintiff's fourth, fifth, sixth, eighth, ninth, and tenth claims, plaintiff's first, second, and third claims against BONY, for intentional misrepresentation, false promise, negligent misrepresentation, and promissory estoppel respectively, do not, as alleged, concern debtor defendant Ditech's acts or omissions. Rather, they involve the alleged August 2016, actions and omissions of BONY's agent Residential Credit Solutions. With respect to these claims, then, liability of BONY does not depend upon liability of Ditech.[2] Accordingly, these claims are not automatically stayed under 11 U.S.C. § 362(a)(1).

    B.   <u>The court's inherent authority to stay cases</u>

Though claims one through three are not subject to the automatic stay, the court may still stay these claims through the exercise of its inherent power to manage the docket of cases before it. See <u>Landis v. N. Am. Co.</u>, 299 U.S. 248, 254 (1936)("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

In determining whether to exercise this power, the

---

[2] Defendant BONY also makes the related argument that the claims against it ought to be stayed because allowing them to go forward would require defendant Ditech to testify against itself in the discovery process. (Mot. to Stay at 7.) This is a valid argument with respect to plaintiff's fourth, fifth, sixth, eighth, ninth, and tenth claims: because BONY's potential liability is predicated on Ditech's acts and omissions, the discovery process would likely focus on its conduct. This is notnecessarily the case, however, with respect to plaintiff's first, second, and third claims.

court should consider the following factors: (1) the possible damage that may result from granting the stay, (2) the hardship or inequity a party may suffer if forced to go forward with the case, and (3) the orderly course of justice with respect to the simplification or complexification of issues, proof, and questions of law which could be expected to result from a stay. CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962) (citing Landis, 299 U.S. at 254-55).

Here, although plaintiff has an interest in the speedy adjudication of her first, second, and third fraud and promissory estoppel claims against defendant BONY, forcing defendant BONY to litigate these claims while the remainder of plaintiff's claims against it are stayed would result in an unnecessary expenditure of time and resources. BONY would be compelled to defend itself twice; and given the common factual background between these claims against BONY and those against both Ditech and BONY, severing plaintiff's claims for separate trials is not in the interest of judicial economy.

Accordingly, the court will exercise its inherent power to stay plaintiff's first, second, and third claims.

IT IS THEREFORE ORDERED that defendant BONY's Motion for an Order Staying the Action (Docket No. 47) is GRANTED. These proceedings be, and the same hereby are, STAYED until Ditech's bankruptcy action is terminated or relief is obtained from the automatic stay.

Dated: April 9, 2019

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE