UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| SUZANNE RYAN-BEEDY,<br><br>        Plaintiff,<br><br>   v.<br><br>THE BANK OF NEW YORK MELLON fka THE BANK OF NEW YORK AS TRUSTEE FOR THE BENEFIT OF THE CERTIFICATE HOLDERS OF THE CWALT, INC., ALTERNATIVE LOAN TRUST 2004-25CB, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-25CB; DITECH FINANCIAL, LLC; and DOES 1 through 50, inclusive,<br><br>        Defendants. | No. 2:17-cv-01999 WBS EFB<br><br>ORDER RE: MOTION TO LIFT STAY AND MOTION FOR LEAVE TO FILE AMENDED COMPLAINT |

----oo0oo----

        Plaintiff Suzanne Ryan-Beedy filed this action against defendants Ditech Financial, LLC ("Ditech") and the Bank of New York Mellon fka The Bank of New York as Trustee for the Benefit of the Certificate Holders of the CWALT, Inc. ("BONY" or "Bank of New York Mellon") arising out of defendants' alleged acts or

1

1   omissions concerning residential mortgage loan modification
2   transactions and the foreclosure of plaintiff's property.  After
3   plaintiff filed suit, Ditech filed for bankruptcy and this action
4   was automatically stayed with respect to Ditech.  (See Order
5   Granting Stay (Docket No. 47).)  The court then stayed the
6   proceedings because, for most of plaintiff's claims, "BONY's
7   liability . . . [was] predicated on Ditech's," and "BONY would be
8   entitled to an indemnity or reimbursement from Ditech for any
9   judgment."  (Id. at 6.)  Plaintiff now moves to lift the stay and
10  to file a Second Amended Complaint. (Mot. (Docket No. 62).)

11  I. Motion to Lift Stay

12         Plaintiff argues that the proposed Second Amended
13  Complaint ("SAC" (Docket No. 62-2)) avoids the circumstances that
14  previously led the court to stay the proceedings because the SAC
15  "no longer intertwines causes of action involving Ditech."  (Mot.
16  at 5.)

17         "In the absence of special circumstances, stays
18  pursuant to section 362(a) are limited to debtors and do not
19  include [claims against] non-bankrupt co-defendants."  Ingersoll-
20  Rand Fin. Corp. v. Miller Mining Co., 817 F.2d 1424, 1427 (9th
21  Cir. 1987) (citing Teachers Ins. & Annuity Ass'n of Am. v.
22  Butler, 803 F.2d 61, 65 (2d Cir. 1986)).  In granting the stay,
23  this court found that such special circumstances existed and a
24  "broader stay of claims" was required because a judgment against
25  BONY would in effect be a judgment against Ditech.  (Order
26  Granting Stay at 5-6.)

27         The proposed SAC does not resolve the interdependence
28  of BONY and Ditech's liabilities.  The wrongful foreclosure

claim, for example, is based, in part, on the allegation that there was a failure "to properly review [plaintiff's] complete modification application and [Ditech] simply mov[ed] forward with the foreclosure despite assurances that the foreclosure would necessarily be postponed." (Compare SAC ¶ 78, with First Amended Complaint ("FAC") ¶ 88(a)(i) (Docket No. 16) ("[S]everal DITECH representatives told Plaintiff that if she submitted a complete loan modification application before the July 7, 2017 foreclosure sale date, DITECH would postpone the foreclosure sale").) Likewise, the intentional infliction of emotional distress claim is based, in part, on allegations that Ditech "misled Plaintiff with the false hope that simply submitting a complete loan modification application would necessarily lead to a postponement of the foreclosure sale" and "induc[ed] her to follow the path of a loan modification to stop a foreclosure Defendant never intended to stop, all the while telling her they would not sell the Subject Property." (SAC ¶¶ 85, 90.) Finally, the Unfair Business Practices claim likewise rests, in part, on allegations that plaintiff was told "she would not lose her property if she followed BONYM/DITECH's instruction to submit a complete modification application, without explaining to Plaintiff that it was going to foreclose regardless of her application." (SAC ¶ 99.)

These claims all depend on Ditech's purported wrongdoing, and the court therefore cannot "determine whether BONY is liable to plaintiff on these claims without 'thinking about the issues' undergirding plaintiff's claim against bankrupt defendant Ditech." (See Order Granting Stay at 6 (citing Dean v.

1  Trans World Airlines, Inc., 72 F.3d 754, 756 (9th Cir. 1995).)
2  Accordingly, the court will deny plaintiff's motion to lift the
3  stay.
4  II.  Leave to File Second Amended Complaint
5        Independently of the SAC's failure to cure the
6  circumstances that prompted this court to stay the proceedings,
7  the SAC includes an additional claim for negligence.  (SAC ¶ 72-
8  76.)  Although the claim excludes references to Ditech, the
9  negligence claim in the SAC is indistinguishable from the one
10 pled in the First Amended Complaint (FAC ¶¶ 113-117), which the
11 court dismissed without leave to amend.  (Docket No. 31.)
12 Indeed, plaintiff states that the proposed claim "further
13 detail[s] the actions of BONYM."  (Reply at 2 (Docket No. 64).)
14 Plaintiff has not requested leave to replead this claim and
15 cannot do so at this point in the proceedings.
16       IT IS THEREFORE ORDERED that plaintiff's motion to lift
17 stay and motion to file a Second Amended Complaint (Docket No.
18 62) be, and the same hereby is, DENIED without prejudice to
19 plaintiff's filing an amended complaint that complies with this
20 Order.
21 Dated:  June 11, 2020

           WILLIAM B. SHUBB
           UNITED STATES DISTRICT JUDGE

4